# Turner *v*. Durr, *et al.*

## *Injunction and Damages.*

(Decided April 13, 1911.   55 South. 230.)

1. *Equity; Demurrer; Amendment to; Right to File.*—After a demurrer is overruled, and the time for an appeal from such decree has passed, the defendant cannot file a so-called amended demurrer, which raises no other objection than those determined by the former demurrer.

2. *Same; Effect.*—A decree overruling a demurrer to a bill, though interlocutory, tests and determines the sufficiency of the bill as to the grounds of demurrer interposed.

APPEAL from Shelby Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by John W. Durr, executor, against J. B. Turner to enjoin the cutting of timber from land, and for damages therefor. From a decree upon a so-called amended demurrer respondent appeals. Reversed, rendered and remanded at appellant's costs.

BURGIN, JENKINS AND BROWN, for appellant. The court erred in overruling the demurrers to the bill for want of equity.—*Keller v. Bullington*, 14 South. 466; High on Injunctions, sections 698-700. Counsel discussed the effect of joining with the prayer for injunction a prayer for damages under the penalty statute for cutting down or destroying trees, but in view of the opinion it is not deemed necessary to here set them out.

J. M. CHILTON, and STEINER, CRUM & WEIL, for appellee. This court is without jurisdiction to hear and determine this appeal as it was taken more than thirty days after the rendition of the decree on demurrer, and the decree on the alleged amended demurrer was a mere

nullity and will not support an appeal.—Section 2838, Code 1907; *Dennis v. Currier,* 142 Ala. 637; *Blackburn v. H. M. Co.,* 135 Ala. 598; *Lide v. Park,* 132 Ala. 222. Counsel also discuss the merits of the controversy, but in view of the opinion it is not deemed necessary to here set it out.

MAYFIELD, J.—On the 20th day of August, 1910, the chancellor overruled the demurrer to the bill, and on the 20th day of September, 1910, respondent attempted to take an appeal from the decree by executing an appeal bond. This attempt was not efficacious for the reason that it came one day too late, the statute requiring appeals from such interlocutory orders or decrees to be taken within 30 days. After this attempted appeal, the chancellor entered another order or interlocutory decree, on the 15th day of September, this order reciting that, since the demurrer was overruled on the 20th day of August, 1910, the bill had not been amended, and that another demurrer had been filed, which raised only one question, the same raised on a former demurrer, and that it should be overruled. He then decrees the demurrer thus filed on the 16th day of September, 1910, to be the same he had theretofore overruled, and taxed the respondent with the costs.

The complainants objected to the filing of the demurrer of the 16th of September—the amended demurrer, so called—upon the ground that it had not been amended since the decree overruling the demurrer, and that the demurrer proposed to be filed raised no other objections than those which were determined and decided by the decree of August 20, 1910. The chancellor should have sustained complainants objection to the filing of this last demurrer, and declined to again pass upon the sufficiency of the bill which was undertaken to

be tested by the demurrer. The chancellor seems to
have been of this opinion; but being satisfied of the
correctness of the former decree, and, thinking that the
result would be the same if he entered a decree again
overruling the demurrer, as it would be, should he de-
cline to hear it, he rendered a decree to the same effect
as the former. But this was error prejudicial to com-
plainants, for two reasons: First, the decree in effect
allowed the respondent 30 days additional time in
which to appeal; second, it delayed the complainants
in the prosecution of their suit, without sufficient cause.
If such a course should be pursued by the respondent,
he could prevent a final decree by perpetually refiling
his demurrer on the day before the expiration of the
time in which he is allowed to take an appeal. Such a
practice should not be encouraged.

While a decree on demurrer is interlocutory, and not
final, yet a decree overruling a demurrer to the bill does
test and determine the sufficiency of the bill as tested
by the demurrer. A party is not allowed to demur by
piecemeal. He may assign any number of grounds of
demurrer, but there can be only one demurrer to a bill
or other pleading. A party will not be allowed to as-
sign one or more grounds of demurrer, and, upon the
overruling of that demurrer, assign other grounds of
demurrer, or demur again, and thus continue to pre-
vent a submission and hearing on final decree. We do
not decide that it would be beyond the discretion of the
chancellor to set aside a former decree on demurrer
and allow another, with additional grounds, to be filed;
yet we can see no good to be accomplished in the chan-
cellor's allowing the filing of another demurrer, which
raises no other questions of law than those raised by
the first demurrer, and rendering decree thereupon,
though the effect of both decrees may be the same. Of

[Turner v. Durr, et al.]

course, if the bill has been amended after the first decree, and the amendment has changed in the least the material allegations of the original bill, then the respondent will be allowed to demur to the amended bill, and to assign the same or other grounds of demurrer; but he has no such right, after his demurrer is overruled, unless the bill has been amended.

The effect of the action of the chancellor in this case, as it appears, was to give the respondent the right to appeal from the decree on demurrer, which he had lost by failing to take the appeal within the time prescribed by the statute. In this condition of the record, we cannot pass upon the sufficiency of the bill. It results that the second decree of the chancellor on the demurrer— the only decree that could be appealed from when this appeal was taken—was improper, and it must be reversed. The chancellor should have declined to allow the demurrer to be filed and the resubmission on demurrer, and should have required the respondent to answer within a reasonable time to be fixed by the chancellor.

A decree will be here rendered, requiring the respondent to answer the bill within 30 days, and ordering, adjudging, and decreeing that, upon respondent's failure to so answer, a decree pro confesso may be taken against him in the chancery court. The appellee being guilty of no fault, the appellant will be taxed with all the costs of this appeal.

Reversed, rendered, and remanded.

SIMPSON, McCLELLAN, and SOMERVILLE, JJ., concur.